### THE JAMES L. RICHARDS.

#### No. 1231.

District Court, D. Massachusetts.

June 18, 1948.

William T. McCarthy, U. S. Atty., and Gerald J. McCarthy, Asst. U. S. Atty., both of Boston Mass., for plaintiff.

Charles S. Bolster and Bingham, Dana & Gould, all of Boston, Mass., for defendant.

HEALEY, District Judge.

This matter came on for hearing on the respondent's exceptive allegations, exceptions to the libel, and motion to strike certain parts of the libel.

1. *Exceptive Allegations.*

By its exceptive allegations, the respondent sets forth Article 4 of the International agreement between the United States of America and the United Kingdom of Great Britain and Northern Ireland, referred to in Article 2 of the libel, and alleges that no other terms or provisions of the said International agreement and that no terms or provisions of said Article 4 provide for representation by the United States of America of, for or on behalf of the United Kingdom or of the officers and crew of any vessel owned or controlled by his Britanic Majesty or the Government of Great Britain and Northern Ireland. It then

alleges that the United States has no standing to maintain the amended libel.

The respondent's objection on this ground is one more of form than of substance. In my opinion, after considering the "Memorandum Relating to the Interpretation and Implementation of the Agreement of December 4, 1942," and the exhibits attached to the libel, the United States has standing to sue here on behalf of both the Lord Commissioners and the officers and crew of H.M.R.T. Busy.

The exceptive allegations should, therefore, be dismissed.

## 2. *Exceptions to the Libel.*

The respondent's first exception rests on the alleged ground that, whereas from the amended libel it appears that the United States of America brings the libel in behalf of the Lord High Admiral under the International agreement, that it also appears from the amended libel that the Lord Commissioners have assigned the claim on which the libel is brought to the United States. Therefore, the libelant requests that the United States be required to elect whether it brings the libel on behalf of the Lord Commissioners or on its own behalf as assignee of the claim.

The libelant in this case is the United States. The capacity in which the United States sues is, in my opinion, a matter of proof and not one of pleading. Thus, whether or not the libel describes the libelant as an assignee or as a person having a power of attorney to bring suit in behalf of another, is immaterial at this stage of the proceedings. In either capacity, it cannot be disputed that the United States has standing to sue in admiralty. Whether or not it actually has the right to recover in one capacity or the other is a question to be determined on the trial. Therefore, the first exception should be overruled.

The second exception is based on the same ground as the exceptive allegations, and for the reasons hereinbefore set forth, must be overruled.

On the assumption that the owner of a ship may prosecute the claims of the officers and men for salvage, Holmes v. City of New York, 2 Cir., 30 F.2d 366, there seems no valid reason why the United States being duly requested to do so, may not prosecute the claims of the officers and men as provided by the International agreement as interpreted in the Memorandum. The third exception, therefore, should be overruled.

## 3. *Motion to Strike.*

In my opinion, the matters set forth in the second sentence of Article Fifth of the Amended Libel and the matters set forth in Article Ninth and Article Twelfth, are evidentiary in nature and should be stricken from the pleadings. The respondent's motion to strike should be allowed.